I respectfully dissent from the majority's resolution of the first assignment of error regarding Ruben Barkley's conviction for aggravated robbery.
It is a well settled pillar of Ohio jurisprudence that resolving the weight and credibility of the evidence is the province of the trier of fact. State v. DeHass (1967) 10 Ohio St.2d 230, paragraph one of the syllabus. Keeping in mind DeHass, this Court conducts its manifest weight of the evidence review to determine whether "the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Otten (1986), 33 Ohio App.3d 339, 340. The Second Appellate District has cautioned that:
 Because the factfinder, be it the jury or, as in this case, the trial judge, has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness. Contrastingly, the decision as to which of several competing inferences, suggested by the evidence in the record, should be preferred, is a matter in which an appellate judge is at least equally qualified, by reason and experience, to venture an opinion. Therefore, although this distinction is not set forth in Thompkins, supra, we conclude that a decision by a factfinder as to which testimony to credit, and to what extent, is a decision that is entitled to greater deference than the decision as to how much logical force to assign an inference suggested by that evidence — in short, how persuasive it is.
State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288, unreported.
 Because I believe that the trial court was in the best position to evaluate Burch's credibility, and because disputed facts do not detract from the heart of Burch's testimony, I respectfully dissent from the majority's determination that Barkley's conviction for aggravated robbery was not supported by the manifest weight of the evidence.
I concur in the balance of the opinion.